# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: **L.L.**

**No. 15-0705** (Wood County 15-JA-35)

**FILED**

November 23, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother L.L.-2, by counsel Robin S. Bonovitch, appeals the Circuit Court of Wood County's June 23, 2015, order terminating her parental rights to L.L.-1.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem, Travis C. Sayre, filed a response on behalf of the child and in support of the circuit court's order. Petitioner filed a supplemental appendix. On appeal, petitioner alleges that the circuit court erred in denying her motions for post-adjudicatory and post-dispositional improvement periods.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record

---

[1] Because the child and petitioner share the same initials, the Court will refer to the child as L.L.-1 and petitioner as L.L.-2 throughout this memorandum decisions.

[2] We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below. Additionally, although her lone assignment of error on appeal includes an allegation that the circuit court erred in terminating her parental rights, petitioner provides no argument in support of this allegation. Pursuant to Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure, a petitioner's brief

> must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the authorities relied on, under headings that correspond with the assignments of error. The argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal.

That Rule further provides that "[t]he Court may disregard errors that are not adequately supported by specific references to the record on appeal." As such, the Court declines to address petitioner's assertion that the circuit court erred in terminating her parental rights.

1

presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In March of 2015, the DHHR filed an abuse and neglect petition that alleged petitioner was addicted to drugs and supervised her child and her girlfriend's two children while under the influence of drugs. The petition further alleged that petitioner used excessive force to discipline the children when in her care and that she was homeless at the time of the petition's filing. That same month, petitioner waived her right to a preliminary hearing.

The circuit court held an adjudicatory hearing in April of 2015 and found that petitioner abused and neglected her child by abusing marijuana and heroin while in a caretaking role and by leaving her child in her aunt's care without any authorizations for the aunt to obtain any kind of care for the child. The circuit court further found that petitioner abused one of her girlfriend's children by striking him in the face in the presence of her own child with such force that it left a mark on the child. Then, upon a finding that she failed to acknowledge her use of inappropriate and excessive force against a child, the circuit court denied petitioner's motion for a post-adjudicatory improvement period.

In June of 2015, the circuit court held a dispositional hearing and considered petitioner's motion for a post-dispositional improvement period. The circuit court denied this motion and, upon a finding that there was no reasonable likelihood that she could substantially correct the conditions of abuse and neglect, terminated petitioner's parental rights. Petitioner appeals from the dispositional order.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court denying petitioner's motions for post-adjudicatory and post-dispositional improvement periods.

Pursuant to West Virginia Code § 49-6-12(b)(2), a circuit court may only grant a post-adjudicatory improvement period when the parent "demonstrates, by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period . . . ."[3] Similarly, West Virginia Code § 49-4-610(3)(B) sets forth the same standard for obtaining a post-dispositional improvement period.[4] In the instant matter, the circuit court specifically denied both of petitioner's motions upon a finding that she failed to acknowledge "using inappropriate and excessive force against the child." While petitioner argues on appeal that she did acknowledge this abuse by stating that she could learn to discipline children differently and would participate in parenting classes, the record clearly shows that at the dispositional hearing, petitioner continued to denying having bruised the child. This is in spite of the fact that photographic evidence of the child's injuries was admitted, without objection, at the adjudicatory hearing.

Simply put, petitioner's failure to acknowledge that her inappropriate physical discipline caused bruising to the child prevented her from obtaining an improvement period. Although she argues that she admitted to using force against the child, it is clear that petitioner sought to minimize the impact of her abuse by failing to acknowledge the same. We have previously held that

> [i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.*, 231 W.Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *In re: Charity H.*, 215 W.Va. 208, 217, 599 S.E.2d 631, 640 (2004)). Because petitioner failed to acknowledge her abuse and the extent to which it injured the child, the circuit court did not err in denying petitioner's motions for post-adjudicatory and post-dispositional improvement periods.

For the foregoing reasons, we find no error in the decision of the circuit court, and its June 23, 2015, order is hereby affirmed.

---

[3]Because the adjudicatory hearing in this matter took place on April 28, 2015, prior to the new version of West Virginia Code §§ 49-1-101 through 49-7-304 becoming effective, the Court will apply the standard for post-adjudicatory improvement periods from West Virginia Code § 49-6-12 on appeal.

[4]Because the dispositional hearing in this matter took place on June 22, 2015, following the new version of West Virginia Code §§ 49-1-101 through 49-7-304 becoming effective, the Court will apply the standard for post-dispositional improvement periods from West Virginia Code § 49-4-610 on appeal.

Affirmed.

**ISSUED**: November 23, 2015


**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

4